Joanna Ardalan (Bar No. 285384)
jardalan@onellp.com
Evan Littman (Bar No. 358272)
elittman@onellp.com
**ONE LLP**
23 Corporate Plaza, Suite 150-105
Newport Beach, CA 92660
Telephone:   (310) 437-8665
Facsimile:   (310) 943-2085

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

### WESTERN DIVISION

| | |
|---|---|
| BACKGRID USA, INC., a California corporation,<br><br>Plaintiff,<br><br>v.<br><br>ROBIN THICKE, an individual; and DOES 1-10, inclusive,<br><br>Defendants. | Case No.:  2:25-cv-5460<br><br>**COMPLAINT FOR COPYRIGHT INFRINGEMENT (17 U.S.C. § 501)**<br><br>**DEMAND FOR JURY TRIAL** |

**COMPLAINT**

Plaintiff BackGrid USA, Inc. ("BackGrid"), complains against Defendant, Robin Thicke ("Mr. Thicke"), an individual, and Does 1-10 (collectively, "Defendants") as follows:

## JURISDICTION AND VENUE

1. This is a civil action against Defendants for acts of copyright infringement under the Copyright Act, 17 U.S.C. §§ 101 *et seq*. This Court has subject matter jurisdiction under 28 U.S.C. § 1331, 28 U.S.C. § 1332, 17 U.S.C. § 501(a), and 28 U.S.C. § 1338(a) and (b).

2. Venue is proper in this district under 28 U.S.C. §§ 1391(b) and (c) and 28 U.S.C. § 1400(a) in that the claim arises in this judicial district, and, on information and belief, the Defendants and their agents reside and may be found in this judicial district, and the injury suffered by Plaintiff took place in this judicial district. Defendants are subject to the general and specific personal jurisdiction of this Court because of their contacts with the State of California. Specifically, on information and belief, Defendant Robin Thicke is a resident of Southern California.

## PARTIES

3. Plaintiff BackGrid USA, Inc. is a California corporation with its principal place of business in Los Angeles, California.

4. On information and belief, Defendant Robin Thicke is an individual with his primary residence located in Los Angeles County, California.

5. The true names or capacities, whether individual, corporate or otherwise, of the Defendants named herein as Does 1 through 10, inclusive, are unknown to Plaintiff, who therefore sues said Defendants by such fictitious names. Plaintiff will ask leave of Court to amend this Complaint and insert the true names and capacities of said Defendants when the same have been ascertained.

**COMPLAINT**

# FACTS COMMON TO ALL COUNTS

*BackGrid and the Photographs that Frame This Dispute*

6. BackGrid owns and operates one of Hollywood's largest celebrity-photograph agencies that has earned a reputation of regularly breaking scoops on sought after celebrity news. It owns the intellectual property rights, including the copyrights, to celebrity photographs that have been licensed to numerous top-tier outlets, such as TMZ, Entertainment Tonight, New York Post, People Magazine, Huffington Post, the Daily Mail, as well as many television stations, newspapers and other prominent media outlets throughout the world. Each license has been granted for valuable consideration, up to hundreds of thousands of dollars.

7. Among many other in-demand photographs, BackGrid owns coveted photographs of celebrities, including Robin Thicke (hereinafter the "Thicke Photographs"). All rights, title and interest in the Thicke Photographs (the photographs at issue in this case), including but not limited to the copyrights thereon, are owned by BackGrid.

8. BackGrid filed for copyright registration of the Thicke Photographs within 90 days of their first publication with the United States Copyright Office. *See* VA0002333316 and VA0002320249.

*Defendants and Their Willful Infringing Activity*

9. Defendant Robin Thicke is a California-based singer, songwriter, and record producer. He is best known for his 2013 hit single "Blurred Lines," which stayed at #1 on the *Billboard* Hot 100 for 12 straight weeks. He has also appeared on multiple popular television shows including *Real Husbands of Hollywood* and *The Masked Singer*. Mr. Thicke operates and controls the Instagram account at issue in this dispute, located at @robinthicke (the "Instagram Account"). The Instagram Account has a blue checkmark verification, indicating that Instagram has verified that the account belongs to Defendant, and currently has over 792,000 followers.

10. Defendants violated federal law by willfully infringing BackGrid's copyrights to at least two photographs on, at least, the Instagram Account. Attached hereto as Exhibit A and incorporated herein by reference are true and correct screenshots of the Instagram Account, including screenshots of the two infringed photographs at issue in this lawsuit.

11. Additionally, Defendants induced, caused, or materially contributed to the reproduction, distribution and public display of the Thicke Photographs, and derivatives thereof, all while knowing or having reason to know the infringement on their accounts were without permission, consent, or license. By uploading the Thicke Photographs to the Instagram Account, Defendants encourage their fans to "share" the photograph, thus causing others to also willfully infringe and multiplying the harm to BackGrid.

12. On information and belief, Defendants operate and control the Instagram Account at all times relevant to this dispute and financially benefit from the infringement of the Thicke Photographs displayed thereto. On information and belief, Defendants have driven significant traffic to the Instagram Account in large part due to the presence of the sought after and searched-for Thicke Photographs that frame this dispute. All of this traffic translates into substantial ill-gotten commercial advantage and brand awareness as a direct consequence of their infringing actions.

13. BackGrid made exhaustive efforts to resolve this lawsuit with Defendants prior to filing this action.

## FIRST CLAIM FOR RELIEF

### (Copyright Infringement, 17 U.S.C. § 501)

14. BackGrid incorporates hereby reference the allegations in paragraphs 1 through 13 above.

15. BackGrid is the owner of all rights, title, and interest in the copyrights of the Thicke Photographs that frames this dispute, which substantially consists of

4

**COMPLAINT**

material wholly original and which are copyrightable subject matter under the laws of the United States.

16. BackGrid filed for copyright registration of the Thicke Photographs within 90 days of their first publication with the United States Copyright Office.

17. Defendants have directly, vicariously, contributorily and/or by inducement willfully infringed BackGrid's copyrights by reproducing, displaying, distributing, and utilizing the Thicke Photographs for purposes of trade in violation of 17 U.S.C. § 501 *et seq.*

18. All of the Defendants' acts are and were performed without permission, license, or consent of BackGrid.

19. BackGrid has identified at least two instances of infringement by way of unlawful reproduction and display of BackGrid's photographs (as well as the unlawful facilitation of others' reproduction of its photographs).

20. As a result of the acts of Defendants alleged herein, BackGrid has suffered substantial economic damage.

21. Defendants have willfully infringed, and, unless enjoined, will continue to infringe BackGrid's copyrights by knowingly reproducing, displaying, distributing, and utilizing its photographs by, among other things, virtue of Defendants' encouragement of the infringement and financial benefit they receive from BackGrid's copyrights.

22. Defendants are well aware of the strictures of intellectual property. Mr. Thicke is a sophisticated creator of copyrighted works and he depends on the protections of copyright for his own work. As of the filing of this lawsuit, Mr. Thicke has secured at least 100 copyright registrations with the United States Copyright Office. Moreover, Mr. Thicke has been found liable for copyright infringement before. In 2015, a jury found that Mr. Thicke's 2013 song "Blurred Lines" infringed Marvin Gaye's "Got to Give it Up." See *Williams v. Bridgeport Music, Inc.*, No. LA CV13-06004 JAK (AGRx), 2016 U.S. Dist. LEXIS 193633

(C.D. Cal. Apr. 12, 2016). The Ninth Circuit Court of Appeals affirmed the judgment against Mr. Thicke. See *Williams v. Gaye*, 895 F.3d 1106 (9th Cir. 2018).

23. The wrongful acts of Defendants have caused, and are causing, injury to BackGrid, which cannot be accurately computed, and unless this Court restrains Defendants from further commission of said acts, BackGrid will suffer irreparable injury, for all of which it is without an adequate remedy at law. Accordingly, BackGrid seeks a declaration that Defendants are infringing BackGrid's copyrights and an order under 17 U.S.C. § 502 enjoining Defendants from any further infringement.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1. That the Defendants, and their officers, agents, servants, employees, and representatives, and all persons in active concert or participation with them, be permanently enjoined from copying, reproducing, displaying, promoting, advertising, distributing, or selling, or any other form of dealing or transaction in, any and all of BackGrid's photographs;

2. That an accounting be made for all profits, income, receipts or other benefit derived by Defendants from the unlawful reproduction, copying, display, promotion, distribution, or sale of products and services, or other media, either now known or hereafter devised, that improperly or unlawfully infringes upon Plaintiff's copyrights pursuant to 17 U.S.C. § 504 (a)(1) & (b);

3. For actual damages and disgorgement of all profits derived by Defendants from their acts of copyright infringement and for all damages suffered by it by reasons of Defendants' acts, under 17 U.S.C. § 504 (a)(1) & (b);

5. For statutory damages for copyright infringement, including willful infringement, in accordance with 17 U.S.C. § 504(a)(2) & (c);

6. For reasonable attorneys' fees incurred herein pursuant to 17 U.S.C. § 505;

7. For costs and interest pursuant to 17 U.S.C. § 504 (a)(1) & (b), 17 U.S.C. § 505;

8. For any such other and further relief as the Court may deem just and appropriate.

Dated: June 16, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
    Joanna Ardalan
    Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.

## DEMAND FOR JURY TRIAL

Plaintiff BackGrid USA, Inc., hereby demands trial by jury of all issues so triable under the law.

Dated: June 16, 2025

**ONE LLP**

By: */s/ Joanna Ardalan*
Joanna Ardalan
Evan Littman

*Attorneys for Plaintiff,*
BackGrid USA, Inc.